IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DENISE VENATOR, as surviving spouse ) <br> of RICKY LEE VENATOR, and as the ) <br> Administratrix of the Estate of RICKY LEE ) <br> VENATOR, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> INTERSTATE RESOURCES, INC., ) <br> INTERSTATE PAPER, LLC, and ) <br> MICHAEL JOSEPH WINGATE, ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> FILE NO. 4:15-cv-00086-WTM-GRS |

## **PROTECTIVE ORDER**

The discovery sought by Plaintiff involves the production of Confidential Information. Accordingly, the parties agree to enter into this Consent Protective Order to govern the production of documents, testimony, and evidence that contains Confidential Information and agree to be mutually bound by its terms. This agreement applies whether Confidential Information is produced formally or informally.

1. "Confidential Information" is defined as information in written, oral, electronic or other form that a party designates as "Confidential Information" in Exhibit A.

2. Any Confidential Information, or copies thereof, that is used or exchanged in this litigation will be marked "CONFIDENTIAL" on each page. However:

    a. *Subsequent Designation:* Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, by

1

providing written notice to counsel for all other parties. Each party or person who receives such written notice shall retrieve any Confidential Information that may have been disseminated and shall thereafter distribute it only as allowed by this Consent Protective Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Consent Protective Order.

3. Confidential Information served on counsel shall be produced separately from non-Confidential Information.

4. Confidential Information shall not be publicly disclosed.

    a. If counsel intends to use Confidential Information at a hearing or trial, counsel shall give at least seven business days notice to the Court and opposing counsel. A party may move the court to seal the transcript, that evidence be received in camera, or for other conditions that avoid unnecessary disclosure.

5. Any document a party files with the Court that contains Confidential Information, including a transcript, shall be filed separately under seal.

    a. The filing under seal must include a statement that the contents are confidential and subject to this Consent Protective Order.

    b. The contents shall not be revealed except pursuant to this Consent Protective Order and to court personnel.

    c. The clerk of court is directed to maintain under seal all documents designated as Confidential Information.

6. Confidential Information shall only be seen by the parties ("parties", for purposes of this Consent Protective Order, includes named parties, successors-in-interest, and predecessors-in-interest), their attorneys and agents, and all witnesses with pertinent

knowledge of Confidential Information, including Swindell, but no one else. The trier of fact will be allowed to see Confidential Information.

7. Confidential Information may be used for any purpose within this litigation, specifically, Venator v. Interstate Resources, Inc. et al., U.S.D.C. Southern District of Georgia, Savannah Division, No. 4:15-cv-00086-WTM-GRS.

8. If there is a dispute over who should access Confidential Information, the party seeking to disclose the information to a particular person must obtain a Court Order and will have the burden of persuasion.

9. Any court reporter shall agree not to disclose Confidential Information except as specified in paragraphs four through six.

10. The parties, their attorneys and agents, and all witnesses with pertinent knowledge of Confidential Information, including Swindell, but no one else, shall maintain all reasonable safeguards to prevent unauthorized or inadvertent disclosure of Confidential Information.

11. If Confidential Information is disclosed contrary to the terms of this Consent Protective Order, counsel shall notify defense counsel within five business days after becoming aware of the disclosure.

12. The status of evidence as Confidential Information shall not be disclosed to the finder of fact.

13. Thirty (30) days after termination of this action, including the time for appeal, Plaintiff, her attorneys, and her agents must return to defense counsel or destroy any and all Confidential Information and any copies thereof. Plaintiff's attorneys must confirm in writing the destruction of Confidential Information within thirty days after

termination of this action, including the time for appeal.

14. Neither the termination of this action nor the termination of the employment or agency of those who had access to Confidential Information shall relieve any person from maintaining confidentiality. The Court shall retain jurisdiction to enforce the terms of this Consent Protective Order. Every person who received Confidential Information submits to the personal jurisdiction of this Court to enforce this agreement.

15. Nothing in the Consent Protective Order or actions taken pursuant to this agreement shall be an admission that the information is Confidential Information, and nothing in this agreement or related to this agreement shall preclude any party from raising any available objection or seeking any available protection.

SO ORDERED this 25th day of April, 2016.

_____
United States Magistrate Judge
Southern District of Georgia

<u>Exhibit A</u>

Confidential Information includes: any and all evaluations of Ronnie Swindell and any documents the Court ordered to be produced in its April 15, 2016 Order.